# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DERWIN GERRARD HARRIS,         )
                               )
           Plaintiff,          )
                               )
     v.                        )     1:18CV378
                               )
KATY POOLE, et al.,            )
                               )
           Defendants.         )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommendation on the Motion to Dismiss of Defendant [Bikramjit] Grewal (Docket Entry 21). For the reasons that follow, the Court should grant in part and should deny in part the instant Motion, in that the Court should conclude that Plaintiff's Complaint (Docket Entry 2) states a claim against Defendant Grewal under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need, but that any state-law claim for medical malpractice fails as a matter of law.

## Introduction

Via a "Form To Be Used by Prisoners in Filing a Complaint under [Section] 1983" (id. at 1 (all-cap font omitted)), Plaintiff (a prisoner of the State of North Carolina) commenced this action against various Scotland Correctional Institution ("SCI") officials and Defendant Grewal, an alleged member of the "Medical Staff" at Central Prison (id. at 2). According to the Complaint:

"In August of 2016 on the way to the yard at [SCI, Plaintiff] slipped [and] hyperextend[ed his] right leg on a sidewalk full of debris. Days later [Plaintiff] put in a sick-call requesting to see a doctor . . . . Over the next 8 months[, Plaintiff did] not rec[eive] adequate medical attention on several different occasions." (Id. at 3.) Plaintiff "finally recieved [sic] an M.R.I. in the month of April 2017 and was taken to Central Prison on 06/23/17 to recieve [sic] the results. [Plaintiff] was then seen by [Defendant] Grewal who went over [the] M.R.I." (Id.) Defendant Grewal told Plaintiff that "their [sic] was no damage shown and no further medical attention pertaining to [his] leg was needed." (Id.) In August 2017:

> [While] still dealing with the same pain[, Plaintiff] put in a sick-call at Whiteville Correctional [Institution ("WCI")] where he was later seen by [a] doctor who reviewed [Plaintiff's] M.R.I. and acknowledged [to Plaintiff that his] M.R.I. showed abnormal swelling which alone show[ed] signs of an injury and [the doctor further stated that] he couldnt [sic] understand why [Plaintiff] hadnt [sic] recieved [sic] further medical attention.

(Id.) Officials at WCI "did an investigation pertaining to the situation and came to the conclusion to get [Plaintiff] an orthapedic [sic] immediately [and he] ha[s] sense [sic] then been recieving [sic] adequate medical attention." (Id. at 3-4.) Plaintiff "seek[s] monetary damages against [Defendant] Grewal in his individual capacity for telling [Plaintiff that his] M.R.I. was negative, showed no damage, and no further medical attention

2

pertaining to [his] leg was needed which months later [Plaintiff] found out not to be true." (Id. at 4.)

"[P]ursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Rule 9(j) of the North Carolina Rules of Civil Procedure, [Defendant Grewal has] move[d] that Plaintiff's Complaint be dismissed . . . ." (Docket Entry 21 at 1; see also Docket Entry 22 (Brief).) Plaintiff has responded (Docket Entry 27) and Defendant Grewal has replied (Docket Entry 28).

## **Discussion**

In reviewing the instant Motion, the Court must "accept the facts alleged in [Plaintiff's C]omplaint as true and construe them in the light most favorable to [him]." Coleman v. Maryland Ct. of App., 626 F.3d 187, 189 (4th Cir. 2010), aff'd sub nom., Coleman v. Court of App. of Md., 566 U.S. 30 (2012). The Court also must "draw all reasonable inferences in favor of [ P]laintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted). Finally, because of Plaintiff's pro se status, the Court must "liberally construe[]" his Complaint, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), although the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine [the] requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted).

3

Accordingly, to survive a Rule 12(b)(6) motion, a complaint (even a pro se complaint) must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Defendant Grewal has argued that "Plaintiff's allegations amount to claims of 'negligence, medical malpractice, and disagreement with medical treatment, which claims do not support relief under [Section] 1983.'" (Docket Entry 22 at 9 (quoting Gregory v. Prison Health Servs., Inc., 247 F. App'x 433, 435 (4th Cir. 2007)). More specifically, Defendant Grewal would have the Court rule that "[t]he only thing . . . Plaintiff has plausibly alleged . . . is that [Defendant] Grewal misinterpreted Plaintiff's MRI results. This is not sufficient to maintain a lawsuit based on deliberate indifference to a serious medical need, and Plaintiff's Complaint against [Defendant] Grewal should therefore be dismissed." (Id. at 10.) The Court should reject that argument, because (as documented in the Introduction) the factual allegations in the Complaint go farther than Defendant Grewal has acknowledged and (when viewed in the light most favorable to Plaintiff with the

4

benefit of all reasonable inferences) would permit a reasonable fact-finder to conclude that Defendant Grewal exhibited deliberate indifference to Plaintiff's serious medical need, by failing to treat his obvious leg injury that required professional care.

In that regard, "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his . . . medical care . . .[,] it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 200 (1989). To make out a constitutional claim for deprivation of medical care, Plaintiff must show that Defendant Grewal "acted with 'deliberate indifference' (subjective) to [Plaintiff's] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A medical need qualifies as serious if it "has been diagnosed by a physician as mandating treatment . . . ." Id. (internal quotation marks omitted). Coordinately, a defendant displays deliberate indifference if he or she knows that an inmate faces a risk of harm due to a serious medical need and that the defendant's "actions were insufficient to mitigate the risk of harm to the inmate arising from [that] medical need[]." Id. (emphasis and internal quotation marks omitted); see also Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("To prove deliberate indifference, plaintiffs must show that 'the

5

official knew of and disregarded an excessive risk to inmate health or safety.'" (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)) (internal brackets omitted)).

"[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. "It requires that a [defendant] actually know of and disregard an objectively serious condition, medical need, or risk of harm." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (internal quotation marks omitted). A plaintiff can meet that standard by showing "that a [defendant] knew of a substantial risk from the very fact that the risk was obvious." Scinto, 841 F.3d at 226 (internal quotation marks omitted). Moreover, "failure to respond to an inmate's known medical needs raises an inference of deliberate indifference to those needs." Id. (internal brackets and quotation marks omitted). Consistent with the foregoing statements from De'lonta and Scinto, the Fourth Circuit recently reversed a district court's dismissal of a deliberate indifference claim where the plaintiff "alleged that his doctors acknowledged some symptoms but ignored most, disregarded abnormal test results, and failed to treat any of his symptoms effectively," observing that such allegations, "if true, would establish that his doctors actually knew of and disregarded an objectively serious condition, medical

6

need, or risk of harm." Jehovah v. Clarke, 798 F.3d 169, 181-82 (4th Cir. 2015) (internal brackets and quotation marks omitted)).

Here (as detailed in the Introduction), the Complaint (when viewed in the light most favorable to Plaintiff with the benefit of all reasonable inferences) alleges that:

1) Plaintiff's leg injury qualified as a serious medical need, i.e., one "diagnosed by a physician as mandating treatment," Iko, 535 F.3d at 241 (internal quotation marks omitted);

2) as a result of Plaintiff's reports of leg pain, Defendant Grewal reviewed an MRI that (according to another doctor) revealed Plaintiff's obvious, treatment-requiring leg injury, such that Defendant Grewal must have "kn[own] of a substantial risk [to Plaintiff] from the very fact that the risk was obvious," Scinto, 841 F.3d at 226 (internal quotation marks omitted); and

3) Defendant Grewal nonetheless "fail[ed] to respond to [Plaintiff's] known medical needs [thus] rais[ing] an inference of deliberate indifference to those needs," id. (internal brackets and quotation marks omitted).

In sum, the Complaint's allegations plausibly support a deliberate indifference claim, because they would permit a finding that Defendant Grewal "ignored [Plaintiff's symptoms], disregarded abnormal test results, and failed to treat any of [his] symptoms," Jehovah, 798 F.3d at 181. The Court therefore should deny the

instant Motion's request for dismissal of Plaintiff's Section 1983 claim for deliberate indifference against Defendant Grewal.

As a final matter, Defendant Grewal has argued that "Plaintiff has attempted to assert a claim for medical malpractice" (Docket Entry 22 at 13), but that his Complaint "lacks the mandatory certification required by Rule 9(j)" (id.). That rule provision mandates that any complaint alleging medical malpractice under North Carolina law either (i) must contain a certification that a person who qualifies as an expert witness under North Carolina Rule of Evidence 702 has reviewed all reasonably available "medical records pertaining to the alleged negligence" and will "testify that the medical care did not comply with the applicable standard of care" or (ii) must "allege[] facts establishing negligence under the existing common-law doctrine of res ipsa loquitur." N.C. R. Civ. P. 9(j)(1)-(3); see also Littlepaige v. United States, 528 F. App'x 289, 292-93 (4th Cir. 2013) (deeming Rule 9(j) to impose substantive requirement of North Carolina law); Graves v. Andrews, No. 1:12CV154, 2013 WL 1010473, at *8 (M.D.N.C. Mar. 14, 2013) (unpublished) (Beaty, J.) ("'Failure to comply with Rule 9(j) is ground for dismissal of a state law medical malpractice claim filed in federal court.'" (quoting Davis v. Jones, No. 5:12CV143RJC, 2012 WL 4959497, at *4 (W.D.N.C. Oct. 16, 2012) (unpublished))), aff'd, 539 F. App'x 157 (4th Cir. 2013). Some question exists as to whether Plaintiff intended the Complaint to include a medical

8

malpractice claim (compare Docket Entry 2 at 1 (indicating that Plaintiff "recently filed" a "[s]tate tort claim in Scotland County" against "Medical Staff" of the North Carolina Department of Public Safety "with the same facts involved in this action or otherwise relating to [his] imprisonment"), with Docket Entry 27 at 4-5 (arguing, in response to instant Motion, that "Defendant Grewal owed [P]laintiff [] a duty of adequate medical care," that "Defendant Grewal breached that duty by failing to use his ordinary skill and knowledge," and that "[t]he breach of duty proximately caused [Plaintiff] damages")); however, to the extent Plaintiff's Complaint does purport to state a claim against Defendant Grewal for medical malpractice, that claim fails due to the absence of a certification compliant with Rule 9(j) or factual allegations sufficient to invoke the res ipsa loquitur doctrine.

Beginning with the latter matter, "the doctrine of *res ipsa loquitur* . . . permits a fact finder 'to infer negligence from the mere occurrence of the accident itself' based on common knowledge or experience." Wright v. United States, 280 F. Supp. 2d 472, 481 (M.D.N.C. 2003) (Osteen, Sr., J.) (quoting Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000)). The doctrine "'addresse[s ] those situations where the facts or circumstances accompanying an injury by their very nature raise a presumption of negligence on the part of the defendant.'" Wood v. United States, 209 F. Supp. 3d 835, 845 (M.D.N.C. July 21, 2016) (Schroeder, J.)

9

(internal brackets omitted) (quoting Robinson v. Duke Univ. Health Sys., 229 N.C. App. 215, 224, 747 S.E.2d 321, 329 (2013)). Given the complexity of most medical treatment, see Wright, 280 F. Supp. 2d at 481, res ipsa loquitur "rarely applies in medical malpractice actions," Wood, 209 F. Supp. 3d at 845. Instead, it extends only to "medical malpractice actions in which the 'common knowledge, experience and sense of laymen qualifies them to conclude that some medical injuries are not likely to occur if proper care and skill is used.'" Wright, 280 F. Supp. 2d at 482 (quoting Grigg v. Lester, 102 N.C. App. 332, 335, 401 S.E.2d 657, 659 (1991)). Examples of such "gross negligence" include "surgical instruments left in the patient's body, and injuries obviously remote from the site of a surgery." Id. at 481 (internal citations omitted).

Here, the Complaint alleges that Defendant Grewal failed to properly treat a leg injury revealed by an MRI. (See Docket Entry 2 at 3-4.) A layperson's frame of reference does not provide an adequate basis for assessing such a claim. See, e.g., Stevenson v. North Carolina Dep't of Corr., 210 N.C. App. 473, 477, 714 S.E.2d 435, 437 (2011) ("[The p]laintiff's allegation that [a medical professional's] examination was inadequate because it only consisted of what [the] plaintiff characterized as a 'cursory' glance at the infected area is not the type of negligence that a jury could infer through common knowledge and experience. Expert testimony would be required in order to determine whether [the]

10

examination was sufficient under the applicable standard of care, and as a result, [the] plaintiff's claim also failed to establish negligence under the doctrine of res ipsa loquitur."). Res ipsa loquitur therefore does not apply to any medical malpractice claim asserted against Defendant Grewal in the Complaint and any such claim thus requires Rule 9(j) certification. Plaintiff neither produced nor suggested he could produce the required certification. (See Docket Entries 2, 27.) Accordingly, the Court should dismiss any medical malpractice claim against Defendant Grewal in the Complaint. See, e.g., Graves, 2013 WL 1010473, at *8 (dismissing medical malpractice claim for Rule 9(j) non-compliance).

## **Conclusion**

The Complaint states a claim against Defendant Grewal under Section 1983 for deliberate indifference to a serious medical need, but any claim by Plaintiff against Defendant Grewal under North Carolina law for medical malpractice fails as a matter of law.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss of Defendant Grewal (Docket Entry 21) be granted in part and denied in part, in that the Court should permit Plaintiff's Section 1983 deliberate indifference claim (but not any state-law medical malpractice claim) to proceed against Defendant Grewal.

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                            **United States Magistrate Judge**

April 12, 2019